NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN RYLICK and CARMELINA RYLICK, : : : Plaintiffs, : : v. : : DIGITAL SECURITY CONTROLS, LTD., : XYZ DISTRIBUTION INC., et al. : : Defendants. : : | Civil Action No. 06-2031 (SRC) OPINION |

**CHESLER**, District Judge

This matter comes before the Court upon the Motion for Reconsideration filed by Defendant Digital Security Controls, Ltd. ("DSC") (docket item # 16) of this Court's Order of December 29, 2006 granting Plaintiffs' motion to amend the Complaint and to remand this action. This Court has considered the submissions by the parties in connection with this motion, and pursuant to Federal Rule of Civil Procedure 78, adjudicates the motion based on the papers submitted. For the reasons discussed below, this Court denies DSC's motion for reconsideration.

**I.   BACKGROUND**

This personal injury action was commenced in the Superior Court of New Jersey, Law Division, Essex County on or about May 2, 2005. The action arises out of injuries sustained by Plaintiff John Rylick during an incident at the Essex County Jail on May 10, 2003. Corrections

officer Rylick alleges that he pressed a panic button to call for aid in a situation with an inmate, but that the malfunction of the panic button caused him to endure an attack by an inmate. (Complaint. ¶ 2.)

The Complaint filed by Plaintiffs named fictitious party defendants, describing them as entities engaging in the manufacture, design, marketing, sale and/or repair of the panic button installed in the Essex County jail. (Complaint, ¶¶ 4-7.) Defendant DSC, added to the case in the Amended Complaint filed on or about December 27, 2005, removed the action to this Court on May 1, 2006 based on diversity jurisdiction. On October 11, 2006, Plaintiffs filed a motion for leave to amend the Complaint to name party defendants that had previously been named as fictitious parties and to remand the action to state court. Plaintiffs are citizens of the State of New Jersey, and one of the proposed additional defendants, Honeywell International, Inc., is a New Jersey corporation with a principal place of business in Morris Township, New Jersey. Thus, permitting Plaintiffs' to amend the Complaint would destroy diversity and divest this Court of subject matter jurisdiction over this matter.

The Court heard oral argument on Plaintiffs' motion for leave to amend and to remand on November 27. 2006. It granted Plaintiffs' motion in its entirety, stating its reasons on the record of proceedings. The Court entered an Order on November 29, 2006 memorializing this ruling. DSC filed the instant motion for reconsideration within the time provided by Local Civil Rule 7.1(i).

**II.    DISCUSSION**

    A.    <u>**Legal Standard for Reconsideration**</u>

Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.  See <u>Bryan v. Shah</u>, 351 F.Supp.2d 295, 297 (D.N.J. 2005); <u>Bowers v. Nat'l Collegiate Athletic Assoc.</u>, 130 F.Supp.2d 610, 612 (D.N.J. 2001).  Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See <u>Bermingham v. Sony Corp. of Am., Inc.</u>, 820 F.Supp. 834, 856 (D.N.J. 1992), <u>aff'd</u>, 37 F.3d 1485 (3d Cir. 1994); <u>Carteret Sav. Bank, F.A. v. Shushan</u>, 721 F.Supp. 705, 709 (D.N.J. 1989).  Our jurisprudence directs that a motion under Rule 7.1(i) may be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." <u>Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp.</u>, 825 F.Supp. 1216, 1220 (D.N.J. 1993); <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir 1995).

Because reconsideration is "an extraordinary remedy," it is "to be granted "very sparingly." See <u>NL Indus. Inc. v. Commercial Union Ins. Co.</u>, 935 F. Supp. 513, 516 (D.N.J. 1996); <u>Maldonado v. Lucca</u>, 636 F. Supp. 621, 630 (D.N.J. 1986).  Indeed, "mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." <u>Yurecko v. Port Auth. Trans. Hudson Corp.</u>, 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (quotation and citation omitted).

3

### B. Leave To Amend Complaint To Add Non–Diverse Defendant

In deciding the underlying motion, the Court was guided by Federal Rule of Civil Procedure 15(a), which directs that leave to amend a pleading "shall be freely given when justice so requires." Grounds for denying leave to amend include but are not limited to undue delay, bad faith, undue prejudice, and futility of the proposed amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). Moreover, when the proposed amendment to the Complaint would seek to add a party that would destroy diversity jurisdiction, the Court should also consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Gilberg v. Stepan Co., 24 F.Supp.2d 355, 357 (D.N.J. 1998) (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989)).

The Court considered the Hengens factors in adjudicating the underlying motion, and, as its findings are set forth on the record of proceedings of November 27, 2006, it need not repeat that analysis here. Instead, the Court will focus on the grounds upon which DSC moves for reconsideration of the Court's order granting leave to amend. DSC argues that the Court erred in declining to reach the question of whether Plaintiffs exercised due diligence to determine the identity of the fictitious defendants that they now seek to name in the Amended Complaint. This question is controlling, DSC maintains, because the two-year limitations period applicable to Plaintiffs' personal injury claim has expired, and therefore, their amendment should not be permitted unless the claim against the proposed new parties "relates back" to the filing date of

the original Complaint pursuant to Federal Rule of Civil Procedure 15(c)(1) and N.J.R. 4:26-4, New Jersey's fictitious party rule.  New Jersey's rule, however, permits the claim to relate back "only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint." DeRienzo v. Harvard Indus., Inc., 357 F3d 348, 353 (3d Cir. 2004). DSC contends that Plaintiffs should not have been granted leave to amend because they have failed to show that they exercised due diligence to identify the fictitiously named defendants they now seek to substitute, and therefore, their claims against those defendants are out of time.

DSC's argues, in essence, that Plaintiffs' motion to amend should have been denied on grounds of futility.  When assessing the viability or futility of a proposed amendment, the court must apply the same legal standard of legal sufficiency as applies under Rule 12(b)(6).  In re Burlington Coat Factory Sec. Lit., 114 F.3d 1410, 1434 (3d Cir. 1997).  "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).  Here, DSC asserts that the amendment would be futile because Plaintiffs' claims are time-barred, and their failure to demonstrate due diligence precludes them from taking advantage of the relation back rule. Plaintiffs, however, argued in the underlying motion that they complied with their obligation to exercise due diligence and that they are therefore entitled to the benefit of Rule 15(c)'s relation back provision.

Resolving the due diligence question would have required the Court to engage in factual determinations, which are inappropriate in evaluating whether the proposed amendment "would fail to state a claim upon which relief could be granted."  Indeed, the Third Circuit has indicated that motions to dismiss under Rule 12(b)(6), the standard applicable to the Court's evaluation of

futility, are generally disfavored when they are based on a statute of limitations defense because "the applicability of the statute of limitations often involves questions of fact for the jury." Jodek Charitable Trust, R.A. v. Vertical Net, Inc., 412 F.Supp.2d 469 (E.D.Pa. 2006 (citing Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 425 (3d Cir. 1999)).  The time bar must be apparent on the face of the Complaint.  Bethel v. Jendoco Contsr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

Thus, the Court properly refrained from determining whether Plaintiffs were diligent in determining the identities of the fictitious entities named in the original Complaint.  The Court may not engage in factual inquiries in evaluating a motion to for leave to amend under Rule 15 of the Federal Rules of Civil Procedure.  The Court reached this conclusion upon consideration of the parties' written submissions and oral argument on the underlying motion, and it has not been persuaded that its ruling should be disturbed.  Indeed, DSC's motion for reconsideration merely reiterates the arguments previously presented to this Court.  It is well established that "a party seeking reconsideration must show more than disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J.1990).

In short, DSC's motion must be denied because it has failed to satisfy the standard governing motions for reconsideration.  DSC does not allege any change in controlling legal authority, nor does it argue that any previously unavailable evidence has come to light.  Moreover, for the reasons discussed above, DSC has not demonstrated that reconsideration is necessary to correct a clear error of law.  The Court has reviewed the parties' submissions in

connection with the underlying motion, as well as its opinion on the record of oral argument, and concludes that it correctly applied the legal standard for granting leave to amend in this case. The standard of review for a motion for reconsideration is high, and relief is granted very sparingly. See NL Indus., Inc., 935 F. Supp. at 516.  DSC had not satisfied the Court that it is entitled to such extraordinary relief.

Accordingly, the instant motion will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court denies DSC's motion for reconsideration. An appropriate form of Order will be filed together with this Opinion.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: January 16, 2007